IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:06-cr-01139-TLW-1 |
|---|---|
| v. | **Order** |
| Billy Leroy Pendergrass | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). His statutory sentencing range was 5 to 40 years, followed by at least 4 years of supervised release. His Guidelines range was 210–262 months, followed by 4 years of supervised release. Pursuant to the parties' Rule 11(c)(1)(C) agreement, the Court imposed a 222-month term of imprisonment, followed by a 4-year term of supervised release.[1]

---

[1] The Government had previously filed a § 851 Information, which made his statutory sentencing range 10 years to Life, followed by at least 8 years of supervised release. At his change of plea hearing, the Government agreed to withdraw the Information, but at sentencing, the Government inadvertently failed to do so. The Court sentenced him to 8 years of supervised release, which was the statutory minimum with the Information in place. After judgment was entered, the parties moved to amend his sentence to 4 years of supervised release, which is the statutory minimum term for a § 841(b)(1)(B) violation without a § 851 enhancement. The Court granted the motion

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 2 charged Defendant with violating 21 U.S.C. § 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(B)(iii) by increasing the threshold amount of crack from 5 grams to 28 grams.

The Government's response notes that "there is an argument that Defendant is not eligible for relief under the First Step Act" in light of the drug weight for which he was held accountable at sentencing. ECF No. 154 at 3 n.1. The Fourth Circuit has recently considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of

---

and issued an amended judgment changing his supervised release term to 4 years. *See* ECF Nos. 91, 113, 117, 122, 123, 128.

§ 841(b)(1)(B)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 150 at 3. Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations,

the Court concludes that a sentence reduction pursuant to the First Step Act is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (509.76 grams) that would have supported a charge to the current threshold amount (28 grams);[2] (2) he received a firearm enhancement; and (3) he has multiple prior drug convictions. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 150, is therefore **DENIED**.[3]

    **IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

January 30, 2020
Columbia, South Carolina

---

[2] The Court notes that he pled guilty to a possession with intent to distribute charge rather than a conspiracy charge, but the offense of conviction arose from the execution of a search warrant during which police found 33.26 grams of crack, which exceeds the current 28-gram threshold. *See* PSR ¶ 21.

[3] Although the Court concludes that a First Step Act reduction is not appropriate here, the Court notes that his prior Amendment 782 motion was denied in light of Justice Sotomayor's concurrence in *Freeman v. United States*, 564 U.S. 522 (2011), which, at the time, was the controlling authority on such motions. *See United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011) (concluding that Justice Sotomayor's concurrence was the holding in *Freeman*). As the parties note, the law has now changed. *See Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). In light of that change in law, the Court would give due consideration to a renewed Amendment 782 motion by defendant.

In the briefing related to a First Step Act reduction, the Government states that it "has no objection to this Court considering this new guideline range based on Amendment 750 in determining whether to reduce [Defendant's] sentence." ECF No. 154 at 5. If this position changes, the Government should response to a renewed Amendment 782 motion indicating its position.